## AGUIAR & BELLO et al. v. BROCK et al.
### No. 22.

District Court, S. D. California, N. D.
July 18, 1938.

J. L. Royle, of Fresno, Cal., and Alfred L. Bartlett, of Los Angeles, Cal., for plaintiffs.

U. S. Webb, Atty. Gen., and Eugene M. Elson, Deputy Atty. Gen., for defendants.

Before WILBUR, Circuit Judge, and McCORMICK and COSGRAVE, District Judges.

COSGRAVE, District Judge.

Plaintiffs, being some 300 owners of dairy cattle in Merced County, seek in

this action to enjoin the enforcement of the California Tuberculosis Eradication Act contained in Sections 221 to 254, inclusive, of the State Agricultural Code, St.Cal.1933, pp. 97–105. Agricultural Code of California, page 50. They complain that under authority of the act in question the defendants, who are the officers of the State charged with the enforcement of the act, have proclaimed the whole county of Merced to be a control area, and threaten to carry out the provisions of the act, and in particular to administer the tuberculin test to all of plaintiffs' dairy stock and permanently to brand, and within thirty days thereafter to slaughter all of such cattle as react positively to the test. All this is without hearing accorded to plaintiff, without notice to them, and without participation by them in such test. They complain that the act in question therefore is not a valid exercise of police power, and that it permits the taking of their property without due process of law, contrary to the Fourteenth Amendment to the United States Constitution, U.S.C.A. Const.Amend. 14.

Plaintiffs in their bill ask for an interlocutory injunction pending the final hearing, and, responsive thereto, a session of court with three judges present was held as directed by statute, 28 U.S.C. § 380, 28 U.S.C.A. § 380. The defendants in the action urge a motion to dismiss the bill on the ground that the facts alleged are insufficient to constitute a cause of action against them.

It was shown at the hearing that there are some 50,000 dairy cattle in Merced County; that if the tuberculin test is applied, something more than half of the number will react positively to the test. The accuracy of the test itself when properly applied is not questioned. Under the requirements of the act, those reacting positively are immediately segregated, each animal is appraised, and it must be slaughtered within thirty days. The owner is paid one-third of the difference between the proceeds of the sale of the salvage and the appraised value, this difference in no case to exceed a certain amount. There is nothing to prevent the presence of the owner of the animal at any stage of the proceedings, nor is the owner or his agent deprived of an inspection of the result of the test. According to the report of the U. S. Bureau of Animal Industry bovine tuberculosis prevails to a considerably greater extent in the county involved together with an adjoining county than in any other two of the 2,953 counties of the United States. There is nothing in the act which prevents plaintiffs, if so disposed, from observing the performance of the test by defendants and their agents.

Plaintiffs concede the right of defendants, in the exercise of the police power of the state, to destroy the animal if it reacts to the test. They assert that to permit the destruction of the animal by summary action of the officers charged with the enforcement of the act and solely as a result of such examination and without hearing or other procedure constitutes deprival of property without due process of law, prohibited by the Fourteenth Amendment to the U. S. Constitution, U.S.C.A.Const. Amend. 14.

A similar question has arisen in other cases, and we are not without authority. Plaintiffs urge as a case most nearly in point Anderson v. Russell, 64 S.D. 436, 268 N.W. 386, where a substantially similar statute was held by the Supreme Court of the State of South Dakota to have the effect contended for. Under a statute of that state the authorized officers claimed the right to test the plaintiff's herd of cattle for the purpose of ascertaining the existence or non-existence of bovine tuberculosis and this against plaintiff's wish and desire, and through compulsion. However, the parties to the action conceded the right of the state to test or destroy the animal after a positive reaction. According to the agreed statement of facts, the "herd has been, and is now, free from bovine tuberculosis, according to tests made by a duly licensed, practicing and competent veterinarian of the State of South Dakota, but not in the employ of the defendants." Page 387 of 268 N.W. Had only destruction of cattle that reacted to the test been contemplated in Anderson v. Russell, supra, it does not necessarily follow that the court's decision would have been the same. But, though we assume that Anderson v. Russell, supra, is authority as urged by plaintiffs, the identical question here presented has been definitely passed upon by the District Court of Appeal and by the Supreme Court of the State of California.

■ In Coelho vs. Truckell, 9 Cal.App. 2d 47, 48 P.2d 697, an ordinance of the County of Kings, substantially similar to the law here involved, was passed upon

by the District Court of Appeal for the Fourth Appellate District. The law was upheld. It is true that the complaint of lack of hearing and therefore deprival of property without due process of law was not definitely urged. The court held, however, that destruction of the cattle was justified even though no compensation at all was made to the owner, on the ground that the right was exercised with regard to the protection of public health.

"It is well established that the provisions of the Fourteenth Amendment to the Federal Constitution do not prohibit a state or one of its political subdivisions, in the exercise of its police powers and in the protection of public life, health, morals, or safety from passing a law affecting the property rights of individuals and even destroying their property if the law equally affects all within a given class." Page 52, 48 P.2d page 700.

Rehearing was denied by the Supreme Court of the State. A similar ordinance of the county of Stanislaus was upheld by the Supreme Court of California, Stanislaus County Dairymen's Protective Ass'n v. County of Stanislaus, 8 Cal.2d 378, 65 P.2d 1305. The court held that provisions of such an act are not a deprival of due process of law even though the act provided for no compensation and although the destruction had been accomplished at the discretion of the county livestock inspector. Page 394, 65 P.2d page 1312.

The police power of the state extends to and includes the action herein questioned.

"It is universally conceded to include everything essential to the public safety, health, * * * and to justify the destruction or abatement, by summary proceedings, of whatever may be regarded as a public nuisance." Lawton v. Steele, 152 U.S. 133, 14 S.Ct. 499, 500, 38 L.Ed. 385.

The point is directly decided, however, by the U. S. Supreme Court in North American Cold Storage Co. v. City of Chicago, 211 U.S. 306, 29 S.Ct. 101, 53 L.Ed. 195, 15 Ann.Cas. 276. The officers of the city charged with enforcement of the health ordinance claimed the right to seize and destroy food which they found unfit for human consumption without notice to the owner, or hearing. The Court sustained this right, holding that if the food were in fact wholesome, the owner has his remedy in action for damages if he cannot get his hearing in advance of the destruction. Page 316, 29 S.Ct. page 104. They suggest, quoting from Lawton v. Steele, supra, that an action for replevin will lie, or an action for damages. Page 316, 29 S.Ct. page 104. It is to be remembered that under the law complained of here, the cattle are not immediately destroyed. The owners thereof may, if they desire to contest the correctness of the test, exercise various remedies given them under the laws of the state.

So far as the requirement of notice is concerned, North American Cold Storage Co. v. Chicago, supra, regards that as a matter to be determined by the legislative body that passes the act and which exercises its discretion as to whether or not notice is necessary. Page 320, 29 S.Ct. page 106.

A case arose in Georgia over the seizure and destruction of certain liquor without any compensation. The liquor was lawfully obtained but its possession became unlawful by reason of the passing of a subsequent statute. Samuels v. McCurdy, 267 U.S. 188, 45 S.Ct. 264, 69 L.Ed. 568, 37 A.L.R. 1378; North American Cold Storage Co. v. Chicago, supra, is cited in support of the decision. The Court says: "The law provides for an order of destruction by a court, but it does not provide for notice to the previous possessor of the liquor and a hearing before the order is made. Under the circumstances prima facie the liquor existed contrary to law and it was for the possessor to prove the very narrow exceptions under which he could retain it as lawful. If he desired to try the validity of the seizure or the existence of the exception by which his possession could be made to appear legal, he could resort to suit to obtain possession and to enjoin the destruction under the Georgia law, as he has done in this case. This under the circumstances, it seems to us, constitutes sufficient process of law under the federal Constitution as respects one in his situation. Lawton v. Steele, 152 U.S. 133, 142, 14 S.Ct. 499, 38 L.Ed. 385." Samuels v. McCurdy, supra, page 200, 45 S.Ct. page 267.

We conclude, therefore, that the statute here questioned has been sustained in substance by the highest courts of Cali-

fornia, and that the application of the principle contended for in behalf of plaintiffs has been denied by the U. S. Supreme Court.

The motion of the defendants to dismiss must therefore be granted, and the temporary restraining order heretofore issued is set aside. Exception is awarded to plaintiffs from the effect of this order.